UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

GABRIELA B.,[1]                                        Case No. 2:21-cv-00418-MK

        Plaintiff,                                       **OPINION
                                                     AND ORDER**

       v.

COMMISSIONER, Social Security
Administration,

        Defendant.

**KASUBHAI**, United States Magistrate Judge:

       Plaintiff Gabriela B. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income ("SSI") under the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). ECF 6. For the reasons that follow, the Commissioner's decision is affirmed.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

Page 1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff filed her application for disability insurance benefits ("DIB") and SSI in October 2018, with an amended alleged disability onset date of October 16, 2018. Tr. 14, 210-20. Her claim was denied initially and upon reconsideration. Tr. 104-07. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a telephonic hearing was held in July 2020. Tr. 38-79. At the hearing, Plaintiff, through her representative, voluntarily elected to withdraw her request for a hearing as to her DIB application. Tr. 14, 45. As a result, the ALJ dismissed the portion of Plaintiff's request for a hearing on her DIB application, the reconsideration determination became the Commissioner's final decision on Plaintiff's DIB application, and the ALJ only held a hearing as to Plaintiff's SSI application. Tr. 14-15. On August 13, 2020, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 14-31. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-4. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 43 years old on the amended alleged onset date. Tr. 29, 300. She has a high school education and has past relevant work as a fast-food worker. Tr. 29, 248. Plaintiff alleges disability due to diabetes, neuropathy, balance problems, high blood pressure, depression, anxiety, and arthritis. Tr. 247.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If

not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), which is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations her impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: cervical degenerative disc disease status-post cervical spine fusion, obesity, diabetes with diabetic neuropathy, carpal tunnel and cubital tunnel syndrome of the left upper extremity, and status-post carpal/cubital

tunnel release. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 21. Before proceeding to the fourth step, the ALJ assessed Plaintiff's RFC. The ALJ found that Plaintiff had the RFC to perform sedentary work as defined in 20 CFR 416.967(a), with the following limitations:

> [The] claimant can occasionally operate foot controls with the bilateral lower extremities. The claimant can occasionally climb ramps or stairs. She can occasionally balance, stoop, kneel, crouch and crawl. She can never climb ladders, ropes or scaffolds. The claimant can frequently reach overhead with the bilateral upper extremities. She can frequently handle and finger with the bilateral upper extremities. The claimant can have occasional exposure to extreme cold and vibrations. The claimant must avoid all exposure to unguarded moving mechanical parts and unprotected heights.

Tr. 23.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 29. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite her impairments. Tr. 29-30. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 30-31.

## DISCUSSION

Plaintiff contends that the ALJ erred in three ways: (1) discounting plaintiff's subjective symptom testimony; (2) rejecting the medical opinion of Melissa D. Akin, N.P.; and (3) failing to consider Plaintiff's obesity. Pl.'s Opening Br. 3-12, ECF 13. The Commissioner responds that the ALJ's decision is supported by substantial evidence and free from legal error. Def.'s Br. 4-15. ECF 15. For the reasons discussed below, this case is affirmed.

I.  **Subjective Symptom Testimony**

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited[.]" *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). Second, "'[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives specific, clear and convincing reasons for the rejection.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).

Clear and convincing reasons for rejecting a claimant's testimony "include conflicting medical evidence, effective medical treatment, medical noncompliance, inconsistencies in the claimant's testimony or between her testimony and her conduct, daily activities inconsistent with the alleged symptoms, and testimony from physicians and third parties about the nature, severity and effect of the symptoms complained of." *Bowers v. Astrue*, No. l 1-cv-583-SI, 2012 WL 2401642, at *9 (D. Or. June 25, 2012) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008), *Lingenfelter*, 504 F.3d at 1040, and *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

Plaintiff argues that the ALJ improperly rejected her subjective symptom testimony. At the administrative hearing, Plaintiff testified that she is unable to work because her diabetes; neck pain; hand, leg, and foot numbness and pain; leg weakness; and imbalance issues all limit her ability to use her hands; lift more than fifteen pounds; or sit, stand, or walk for longer than

ten minutes at a time. Tr. 52-63. Plaintiff's daily activities include driving her boyfriend to work and then performing household chores, including washing dishes, mopping, sweeping. Tr. 49-50. Plaintiff also noted in her written functional report that her hobbies include riding bikes. Tr. 274.

The ALJ appropriately rejected Plaintiff's testimony to the extent that it conflicted with her RFC. The ALJ provided at least three reasons, supported by substantial evidence, for rejecting Plaintiff's subjective symptom allegations: (1) inconsistency with medical evidence; (2) her condition improvement with treatment; (3) non-compliance with medical advice and treatment; and (3) Plaintiff's reported daily activities. *See* Tr. 25-27.

First, the ALJ noted that Plaintiff's testimony regarding the severity of her symptoms and limitations was contradicted by the medical evidence of record. Tr. 25. An ALJ may discount a claimant's statements if medical opinion evidence contradicts the claimant's subjective testimony. *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, while Plaintiff reported that she has difficulty walking or standing due to numbness in her feet and legs, her physical status examinations throughout the relevant period showed that Plaintiff had a full range of motion, intact sensation in both legs, normal coordination and gait, no swelling, and no neurological abnormalities. Tr. 525, 1263, 2264, 2320, 2717, 2719, 2724, 3176, 3241. Plaintiff also was able to complete a physical stress test on a treadmill for over eight minutes. Tr. 55. Additionally, despite Plaintiff's testimony concerning her neck pain, examinations and findings consistently demonstrated that her neck was supple, she reported no joint pain, and there was no swelling or stiffness. Tr. 2717, 2724.

Second, the ALJ appropriately discounted Plaintiff's symptom testimony on the basis that her conditions improved with treatment. *See* Tr. 24-25. When weighing a claimant's statements about her symptoms, the ALJ may consider evidence about the effectiveness of treatment. 20

C.F.R. § 416.929(c)(3)-(c)(4); Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *8. Evidence of medical treatment successfully relieving symptoms can undermine a claimant's allegations of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Here, despite Plaintiff's allegations concerning her hands, the ALJ noted that Plaintiff experienced significant relief following carpal tunnel release surgery. Tr. 25. Medical evidence reflects that Plaintiff reported that her hand numbness had improved and that she was "doing really well" with no concerns four weeks after surgery. Tr. 2329. Moreover, a physical exam demonstrated that she had full range of motion, light touch sensation grossly intact, and normal motor function following the surgery. Tr. 2330.

      Third, the ALJ properly considered Plaintiff's non-compliance with medical treatment in discrediting her symptom testimony. The Ninth Circuit has "long held that, in assessing a claimant's credibility, the ALJ may properly rely on 'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.'" *Molina*, 674 F.3d at 1113 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)). In this case, the ALJ pointed to evidence in the medical record that, although Plaintiff was instructed to stop eating candy due to her diabetes and eat a more balanced diet, Plaintiff frequently did not comply with her doctor's instructions. Tr. 25 (citing 3185, 4385). Notably, during a medical visit in March 2020, Plaintiff's medical provider reported that Plaintiff pulled out "a giant bag" of Skittles from her purse. Tr. 3185. Despite the medical provider's explanation to Plaintiff that "the candy was not good for both her diabetes and her presumptive bariatric diet," Plaintiff continued to eat the candy throughout the visit because her mouth was dry. *Id.* In May 2020, Plaintiff also acknowledged to a medical provider that she "continue[d] to eat a lot of sugar," even though she knew that it was against her doctor's instructions. Tr. 4382.

Finally, the ALJ appropriately considered Plaintiff's daily activities in rejecting her subjective symptom testimony. When assessing credibility, the ALJ "may consider, among other factors, . . . the claimant's daily activities." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (internal quotation and citation omitted). Plaintiff testified that she has limited use of her hands and fingers due to pain and loss of feeling, which causes her to constantly drop things and prevents her from sometimes even picking up a pencil. Tr. 53, 61-62. Despite this testimony, Plaintiff's typical day was described as driving her boyfriend to and from work and then performing housework, which includes washing dishes, mopping, and sweeping. Tr. 49, 2796. Further, in her function report, Plaintiff reported that she enjoys riding her bike. Tr. 276. The ALJ reasonably determined that, contrary to Plaintiff's allegations of her limited use of her hands and fingers, her reported daily activities—which require the use of her hands and fingers—contradict Plaintiff's testimony concerning the severity of her impairments. Thus, the ALJ appropriately considered Plaintiff's activities of daily living in rejecting her testimony concerning the severity of her symptoms.

In sum, the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's subjective symptom testimony. Although Plaintiff may disagree with the ALJ's interpretation of the record, the ALJ's interpretation is supported by substantial evidence, which precludes the Court from engaging in second-guessing. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

## II. Dr. Akin's Medical Opinion

For claims filed on or after March 27, 2017, new regulations for evaluating medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844-01, at *5867-68 (Jan. 18, 2017). Under the new regulations, the ALJ is no longer required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must consider all the medical opinions in the record and evaluate each medical opinion's persuasiveness using factors. *Id.* The two most important factors in determining a medical opinion's persuasiveness are the opinion's "supportability" and "consistency." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions . . . in [their] decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2).

With regard to supportability, the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to consistency, the "more consistent a medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). ALJs are not required to explain how they considered other factors, unless they find that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *See* 20 C.F.R. §§ 404.1520c(b)(3), 416.1520c(b)(3). Moreover, in reviewing this ALJ's decision, the Court must consider whether the ALJ's analysis has the

support of substantial evidence. *See* 42 U.S.C. § 405(j); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).

In July 2020, NP Akin completed a medical source statement on Plaintiff's behalf. Tr. 4738-42. In relevant part, NP Akin indicated that Plaintiff could only occasionally handle, finger, and reach, and she would need a break every hour during an eight-hour day due to pain, neuropathy, and carpel tunnel syndrome. Tr. 4740, 4742. NP Akin further indicated that Plaintiff would miss more than two days of work per month, but NP Akin did not provide any explanation for that answer in the space provided. Tr. 4742.

The ALJ determined that NP Akin's opinion was unpersuasive in part. The ALJ reasoned that NP Akin's opinion regarding Plaintiff's ability to handle and finger, need to miss more than two days of work per month, and need to have a break every hour were (1) unsupported given a lack of sufficient explanation for the basis of the opinion; and (2) inconsistent with other evidence in the record, including evidence of Plaintiff's reported daily activities and other medical evidence in the record. Tr. 28.

Plaintiff argues that the ALJ's rejection of NP Akin's opinion was not supported by substantial evidence because NP Akin's opinion was consistent and supported by other evidence in the record. Pl.'s Opening Br. 9-11. Plaintiff also contends that the ALJ improperly rejected NP Akin's opinion on the basis that her opinion was provided in a checkbox form. Pl.'s Opening Br. 10-11 (citing *Popa v. Berryhill*, 872 F.3d 901 (2017)).

The Court concludes that the ALJ properly evaluated the supportability and consistency of NP Akin's medical opinion. As to supportability, the ALJ appropriately considered NP Akin's failure to adequately explain her reasoning. *See* 20 C.F.R. § 416.920c(c)(1) (requiring the ALJ to consider "supporting explanations presented by a medical source."). As the ALJ observed, NP

Page 11 – OPINION AND ORDER

Akin's opinion regarding Plaintiff's limitations frequently discussed symptom severity with undefined ratings—which often ranged from mild, moderate, to severe—without any explanation as to the reasoning behind the selection of certain marked limitations. Tr. 4738-39. NP Akin also failed to provide an explanation why Plaintiff would miss two days of work per month. Tr. 4742. Despite Plaintiff's contentions to the contrary, the ALJ did not improperly reject NP Akin's medical opinion on the basis that it was provided in a checkbox form. Rather, the ALJ determined that NP Akin's opinion was unpersuasive because the checkbox form lacked supporting explanations, which was a proper consideration in evaluating the supportability of the NP Akin's opinion. *See* 20 C.F.R. § 416.920c(c)(1).

As to consistency, NP Akin's opinion concerning Plaintiff's fingering, handling, and reaching limitations was inconsistent with other evidence in the record, including medical evidence demonstrating that Plaintiff had a normal range of motion and muscle strength, intact sensation, no joint pain, no swelling or stiffness, and no neurological abnormalities. Tr. 1263, 2330, 2717, 2719, 2724, 3241, 3310. NP Akin's opinion was further inconsistent with Plaintiff's reported daily activities, which included washing dishes, mopping, sweeping, driving, and riding a bike. Tr. 274, 2796. The ALJ therefore did not commit harmful legal error in finding part of NP Akin's opinion unpersuasive.

### III.  Obesity

Plaintiff argues that the ALJ failed to consider how Plaintiff's obesity contributed to her limitations. Pl.'s Opening Br. 11-12. Social Security Ruling ("SSR") 19-2p recognizes that obesity may cause a variety of limitations, but the Commissioner "will not make general assumptions about the severity or functional effects of obesity combined with other

impairment(s)." SSR 19-2p, *available at* 2019 WL 2374244, at *4. Instead, the Commissioner requires an "individualized assessment" of the impact of the obesity on each claimant. *Id.*

Here, the ALJ properly considered the impact of Plaintiff's obesity on her ability to function. To be sure, the ALJ considered Plaintiff's obesity at each step in the sequential disability evaluation. Tr. 17, 22, 26, 27, 28. At step two, the ALJ determined that obesity was a severe impairment, and the ALJ further considered Plaintiff's obesity, and SSR 19-2p, at step three. Tr. 17, 22. The ALJ then considered Plaintiff's obesity in formulating her RFC, finding that her obesity "does not affect her ability to ambulate effectively," and "there was no evidence to show that [her] obesity precluded work activities altogether," so the ALJ determined that "there is nothing to indicate that [Plaintiff's] obesity aggravates her documented physical condition beyond the limitations described above in the residual functional capacity." Tr. 26. Considering all of Plaintiff's limitations, including Plaintiff's obesity, the ALJ ultimately found that Plaintiff was limited to sedentary work. Tr. 23. Thus, the ALJ appropriately considered the impact of Plaintiff's obesity.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED this 7th day of June 2022.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States Magistrate Judge